Honorable Richard A. Jones

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

DALLAS BUYERS CLUB, LLC,

                          Plaintiff,

          v.

DOES 1-21,

                          Defendants.

Civil Action No. 15-cv-579RAJ

MOTION FOR LEAVE TO ISSUE
FRCP 45 SUBPOENAS TO NONPARTIES

NOTE ON MOTION CALENDAR:
August 28, 2015

Consistent with the Court's July 1, 2015 order in Case No. 14-cv-1819RAJ (Dkt. No. 36) and Federal Rule of Civil Procedure 26 and 45, Plaintiff Dallas Buyers Club, LLC ("DBC") respectfully requests leave of the Court to issue FRCP subpoenas to nonparties.

## BACKGROUND

DBC subpoenaed the Internet Service Provider ("ISP") in an effort to identify the party responsible for the claimed copyright infringement. Where possible, the ISP subsequently identified the subscriber assigned to each Internet Protocol ("IP") address used by the Doe Defendant.

After receipt of the identity of each subscriber, Plaintiff engaged in further due diligence in a good faith effort to confirm that the identified subscriber was the person responsible for the infringing conduct. For example, each IP address had been observed associated with significant infringing activity and with the exchange of multiple other titles on peer-to-peer networks apart from but in some instances close in time to that of *Dallas Buyers Club*. The volume, titles and

persistent observed BitTorrent activity associated with each Defendant's IP address indicate (a) that each Defendant is not a transitory or occasional guest, but either the primary subscriber of the IP address or someone who resides with the subscriber and is an authorized user of the IP address; (b) that any user of the IP address would likely have been aware of the bandwidth devoted to this activity through general service slowdown throughout the observed period of activity as residential data services typically have limited capacity; (c) that such subscriber or resident of the location is likely to have been aware of at least some of the infringing activity throughout the observed period of activity; and (d) that each Defendant is not a child, but an adult, often with mature distinct tastes.

In certain instances, the pattern of BitTorrent activity associated with the IP address was observed to cease on or near dates coinciding with notices sent by the ISP or Plaintiff, providing a further indication that the subscriber either was the infringer or was award of the ongoing infringement utilizing the IP address assigned to the subscriber, and was in a position to control ongoing BitTorrent activity.

Google address mapping and county records were investigated to confirm ownership/rental status of and residence at the property associated with the IP address, as well as observe the physical makeup and layout of the house and neighborhood to anticipate possible claims that a wireless signal was high jacked by someone outside of the residence. Further, given the standard security measures imposed by ISPs to prevent unauthorized use of an IP address, the volume of piracy demonstrated over the extended observation period could not be the result of someone driving by, a temporary houseguest or a hacker sitting in a car on the street

Where possible, social media sites such as Facebook and LinkedIn were used to obtain further information on the subscriber. Finally, in an exercise of caution, multiple letters were send to subscribers identified by the ISP, or their counsel to the extent Plaintiff was made aware thereof, informally requesting their voluntary participation in identifying the actual infringer, to the extent that is different from the subscriber. Where responses were received, Plaintiff attempted further

MOTION FOR LEAVE TO ISSUE FRCP 45
SUBPOENAS - 2
Civil Action No. 15-cv-579RAJ
INIP-6-0015P08 MOTLeave

LOWE GRAHAM JONES ᴾᴸᴸᴄ

701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301

informal follow-up with the subscriber or their attorney, again in an effort to ensure, as much as possible prior formal litigation proceedings, that each Doe Defendant was properly named.

These efforts by DBC to obtain and confirm the identity of the responsible parties and resolve the claims against them have been largely successful. Of the 21 original Doe Defendants, Does 2, 7, 10 and 15 have been dismissed by stipulation or voluntary dismissal from this case after settlement involving agreement to cease infringement and destroy infringing material. Does 3 and 13 were dismissed due to lack of responsible party identification by the ISP or after subsequent communication attempts. That leaves the following unnamed Doe Defendants:

| Doe[1] | IP | Date/Time | Doe | IP | Date/Time |
|---|---|---|---|---|---|
| 1 | 73.181.209.225 | 12/25/14 11:13:17 AM | 14 | 67.183.29.25 | 3/8/15 09:03:36 PM |
| 4 | 71.231.184.62 | 3/11/15 04:08:43 AM | 16 | 50.132.109.161 | 12/17/14 11:51:28 PM |
| 5 | 71.236.151.56 | 3/8/15 03:15:50 AM | 17 | 67.183.85.209 | 3/10/15 03:26:55 AM |
| 6 | 71.227.235.124 | 3/7/15 08:36:54 AM | 18 | 24.22.131.218 | 3/9/15 04:15:36 AM |
| 8 | 71.227.155.14 | 3/5/15 02:11:19 PM | 19 | 24.19.4.228 | 3/3/15 12:25:34 AM |
| 9 | 71.231.67.200 | 3/2/15 01:54:18 AM | 20 | 76.121.48.10 | 3/2/15 01:33:21 AM |
| 11 | 73.35.164.211 | 2/17/15 10:09:51 PM | 21 | 73.35.236.164 | 12/30/14 10:47:34 PM |
| 12 | 24.19.8.212 | 3/16/15 02:07:26 AM | | | |

These remaining subscribers or other resident identified by the ISP have refused to voluntarily respond to attempts to communicate and/or denied responsibility for infringement and refused to voluntarily provide discovery to assist in confirming the identity of the infringing party. As the Court has observed, this is their right. However, it leaves DBC with the options of either (a) proceeding against the subscriber and possibly substituting another party after discovery if it is determined that the subscriber is not the responsible party, or (b) seeking early discovery to confirm the identity of the Doe defendant responsible for the infringement prior to naming a party. While it is entirely possible (and perhaps likely) that the subscriber is the actual and proper Doe defendant who personally infringed DBC's rights, the actual infringer may be a roommate, spouse, or other permissive long term occupant or visitor. For this reason, DBC believes that further

[1] At this point, out of an exercise of caution and respect for privacy rights of potential nonparties, DBC continues to withhold the identity of the subscriber. If requested by the Court, DBC can amend this filing to specifically identify the potential nonparties or provide the information to the Court *in camera*.

MOTION FOR LEAVE TO ISSUE FRCP 45
SUBPOENAS - 3
Civil Action No. 15-cv-579RAJ
INIP-6-0015P08 MOTLeave


701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301

discovery is warranted to confirm which of any possible occupants of the physical address assigned the infringing IP address is the proper Doe defendant to be named in the case.

Accordingly, DBC respectfully submits that a short, narrowly tailored deposition of the subscribers or other resident associated with these identified IP addresses prior to amending the complaint to name parties is warranted to most efficiently advance this case. Among the advantages to this approach are the dramatic reduction in legal expenses required to amend and serve the complaint and conduct formal discovery, as well as the preservation of anonymity of the subscriber in favor of the responsible party should the Rule 45 deposition prove successful.

## LEGAL SUPPORT AND ARGUMENT

Courts routinely allow discovery to identify "Doe" defendants. *See, e.g., Wakefield v. Thompson*, 177 F.3d 1160, 1163 (9th Cir. 1999) (error to dismiss unnamed defendants given possibility that identity could be ascertained through discovery); *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980) ("where the identity of alleged defendants [are not] known prior to the filing of a complaint . . . the plaintiff should be given an opportunity through discovery to identify the unknown defendants"). In this case, FRCP 45 specifically authorizes focused depositions of the nonparty subscribers on matters related to the access and use of their Internet service by other occupants of or visitors to the physical address to identify the party responsible for the infringement observed at the subscriber's IP address at the time in question. Courts consider the following factors when granting motions for leave to conduct such third party discovery: (1) whether the plaintiff can identify the missing party with sufficient specificity such that the Court can determine that defendant is a real person or entity who could be sued in federal court; (2) all previous steps taken by the plaintiff to identify the Doe Defendant; and (3) whether the plaintiff's suit could withstand a motion to dismiss. *Columbia Ins. Co. v. Seescandy.com*, 185 F.R.D. 573, 578-80 (N.D. Cal. 1999); *see also Rocker Mgmt. LLC v. John Does 1 Through 20*, 2003 U.S. Dist. LEXIS 16277, 3-7 (N.D. Cal. 2003) (applying standard to identify persons who

MOTION FOR LEAVE TO ISSUE FRCP 45
SUBPOENAS - 4
Civil Action No. 15-cv-579RAJ
INIP-6-0015P08 MOTLeave

LOWE GRAHAM JONES PLLC

701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301

posted libelous statements on Yahoo! message board). DBC here is able to demonstrate each one of these factors. Overall, courts have wide discretion in discovery matters and have also allowed expedited discovery when "good cause" is shown. *Semitool, Inc. v. Tokyo Electron Am., Inc.*, 208 F.R.D. 273, 275-76 (N.D. Cal. 2002); *Qwest Comm. Int'l, Inc. v. WorldQuest Networks, Inc.*, 213 F.R.D. 418, 419 (D. Colo. 2003).

DBC submits that an order allowing for third party depositions is proper and reasonable in this case. As well-documented in DBC's prior pleadings and supporting expert declaration, while DBC has more than met its burden of asserting a *prima facie* claim for copyright infringement, DBC is going to the extraordinary effort of seeking further discovery before naming the subscriber out of an exercise of caution to confirm the proper infringer in this case—all while maintaining the anonymity of the subscriber.

Per the Court's earlier order, DBC proposes to tailor the deposition subpoena to (1) limit it to no more than two hours; (2) seek only testimony of the subscriber or other resident identified by the ISP, not any document production; and (3) allow for at least 30 days between service of the subpoena and the time for complying with the subpoena.[2] An example of the proposed subpoena is submitted herewith as Exhibit A, which can be further tailored as the Court may direct. DBC proposes to further send along a cover letter to those subpoenaed along the lines of that provided in Exhibit B.

As further justification, DBC submits that an order permitting further reasonable discovery from the subscriber is proper in light of the equities of this case. A subscriber should not be allowed to shield, immunize and anonymize those they allow to use their Internet service from liability for intentional torts. The subscriber is the single best and perhaps only source of information as to the responsible party using its IP address. Were this a case of conventional intentional tort, where the evidence clearly indicated the tortfeasor was in the residence, a plaintiff's ability to ascertain the

---

[2] DBC has and will continue to be flexible in working with the subscriber to reschedule any deposition to a mutually agreeable time, so long as any such request is reasonable and does not unduly delay prosecution of the case.

MOTION FOR LEAVE TO ISSUE FRCP 45
SUBPOENAS - 5
Civil Action No. 15-cv-579RAJ
INIP-6-0015P08 MOTLeave



LOWE GRAHAM JONES ᴾᴸᴸᶜ

701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301

identity of the occupants of the residence would not be questioned. Willfully hiding or shielding occupants from DBC should be recognized as post-conduct ratification. *See Swenson v. Potter*, 271 F.3d 1184, 1191-92 (9th Cir. 2001). Absent voluntary cooperation from the subscriber, the requested narrow FRCP 45 deposition of the subscriber is the most efficient way to confirm the identity of the proper Doe Defendant in this case. Indeed, the burden on the subscriber in participating in any deposition is the subscriber's own creation as they expressly rejected DBC's efforts to pursue this matter in a less burdensome manner. Should the subscriber unreasonably impair DBC's efforts, DBC respectfully submits that the Court should acknowledge DBC's rights to proceed against the subscriber under a ratification theory, apart from any other basis.

Accordingly, pursuant to Federal Rule of Civil Procedure 26 and 45, DBC respectfully urges the Court to permit the requested FRCP 45 subpoenas, after which DBC shall amend the complaints to name the confirmed responsible parties, where possible.

RESPECTFULLY SUBMITTED this 12th day of August, 2015.

s/ David A. Lowe, WSBA No. 24,453
Lowe@LoweGrahamJones.com
LOWE GRAHAM JONES<sup>PLLC</sup>
701 Fifth Avenue, Suite 4800
Seattle, WA 98104

*Attorneys for Plaintiff*

MOTION FOR LEAVE TO ISSUE FRCP 45
SUBPOENAS - 6
Civil Action No. 15-cv-579RAJ
INIP-6-0015P08 MOTLeave

LOWE GRAHAM JONES PLLC

701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the foregoing document has been served to all counsel or parties of record who are deemed to have consented to electronic service via the Court's CM/ECF system.

In addition, per the Court's earlier orders in other DBC cases, a copy of the foregoing document has also been served via U.S. Mail on Does identified to DBC in this case.

s/ David A. Lowe

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

MOTION FOR LEAVE TO ISSUE FRCP 45
SUBPOENAS - 7
Civil Action No. 15-cv-579RAJ
INIP-6-0015P08 MOTLeave

LOWE GRAHAM JONES PLLC

701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301

**EXHIBIT A**

AO 88A  (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Western District of Washington

| | | |
|---|---|---|
| Dallas Buyers Club | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. |
| | ) | |
| Does | ) | |
| *Defendant* | ) | |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To: _____

*(Name of person to whom this subpoena is directed)*

☑ *Testimony:*  **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action.  If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

***Note that the deposition shall be limited to no more than two hours. Please contact the undersigned to discuss any request to reschedule to a more convenient date and time.

| Place: Lowe Graham Jones<br>701 Fifth Avenue, Suite 4800<br>Seattle, WA 98104 | Date and Time: |
|---|---|

The deposition will be recorded by this method: ___ Court reporter, audio recording and/or video recording

☐ *Production:*  You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

| | |
|---|---|
| *CLERK OF COURT* | |
| | OR |
| _____ | _____ |
| *Signature of Clerk or Deputy Clerk* | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
Dallas Buyers Club, LLC _____ , who issues or requests this subpoena, are:

David A. Lowe, Lowe Graham Jones, 701 Fifth Avenue, Suite 4800, Seattle, WA 98104; 206.381.3300; Lowe@lgjip.com

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A  (Rev.  02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named individual as follows: _____

_____

_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88A  (Rev.  02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1) *For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2) *For Other Discovery.*** A subpoena may command:
    **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1) *Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2) *Command to Produce Materials or Permit Inspection.***
    **(A) *Appearance Not Required.*** A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3) *Quashing or Modifying a Subpoena.***

    **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
    **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1) *Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
    **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2) *Claiming Privilege or Protection.***
    **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**EXHIBIT B**

# LOWE GRAHAM JONES PLLC
## Intellectual Property Attorneys

701 Fifth Avenue, Suite 4800
Seattle, Washington 98104
206.381.3300 • F: 206.381.3301
LoweGrahamJones.com

August 11, 2015

John/Jane Doe
Address

David A. Lowe, Esq.
Direct Dial: 206.381.3303
Lowe@LoweGrahamJones.com

     Re:    *Dallas Buyers Club, LLC v. Does*
            Civil Action No.
            Doe xx / IP Address: xx.xx.xx.xx

Dear John/Jane Doe:

We understand that you are not represented by legal counsel on this matter. If this is not the case, please let us know your legal counsel right away and we will contact them directly.

As we explained in earlier correspondence, the Court has recently issued order(s) regarding discovery in this case, a copy of which was previously provided to you. In part, the order(s) indicate that Dallas Buyers Club may subpoena you to appear at a third party discovery deposition for the purpose of identifying the party that used your IP address to infringe our client's motion picture. We have on multiple occasions invited your informal, voluntary cooperation in affirmatively identifying the party that used your IP address to infringe *Dallas Buyers Club*. To date, we have received no response or you have otherwise declined our invitation. If our understanding is incorrect, and you wish to provide informal cooperation, or otherwise if there is any reason to discuss the case before we proceed to the next stage, please let us know right away.

Otherwise, as you are no doubt aware, a process server has just served you with a subpoena indicating a date, time and place for you to appear for deposition, and provided you with the requisite witness and travel fee. Pursuant to the subpoena, you are required to attend the deposition at the indicated time, or face potential sanction. Per the Court's order, the deposition will be no longer than two hours in length and it is scheduled for a date that is at least 30 days out. *Please be advised that we are happy to work with you if reasonably possible to reschedule the date or time to accommodate our mutual schedules; please contact our office to discuss, if necessary.*

We strongly encourage you to consult with an attorney to review your rights in connection with this matter. If you retain an attorney, please have them contact us. If you choose not to retain an attorney, and have further questions, you may contact our office at 206.381.3300 or Lowe@LoweGrahamJones.com.

                    Very truly yours,

                    LOWE GRAHAM JONES PLLC

                    David A. Lowe



Patents
Trademarks
Copyrights
Agreements
Litigation

INIP-6-0014P11 MOTLeave ExB