HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DALLAS BUYERS CLUB, LLC,<br><br>    Plaintiff,<br><br>    v.<br><br>DOES 1-28,<br><br>    Defendants. | CASE NO. C15-576RAJ; 15-579RAJ; 15-580RAJ; 15-581RAJ; 15-582RAJ<br><br>ORDER |

## I. INTRODUCTION

This Matter comes before the Court on Plaintiff's Motion for Leave to Issue FRCP 45 Subpoenas to Nonparties, filed August 12, 2015. Dkt. # 21-1. Plaintiff has filed identical motions in 4 of the nearly identical lawsuits before this Court. *See* Case No. 15-579RAJ, Dkt. # 15; Case No. 15-580RAJ, Dkt. # 11; Case No. 15-581RAJ, Dkt. # 10; Case No. 15-582RAJ, Dkt. # 18.

## II. BACKGROUND

This case was filed on April 13, 2015. In this case and 12 other cases filed between July 2014 and April 2015, Plaintiff filed an essentially identical complaint naming between 10 and 39 "John Doe" Defendants who it accuses of infringing its copyright in the motion picture *Dallas Buyers Club* by unlawfully copying or distributing the film using peer-to-peer file sharing networks. These cases have necessitated a high degree of case management. Consequently, this Court has issued several Orders, either in

ORDER – 1

this case or in a related case, in an effort to streamline and expedite this litigation. Those Orders remain in full effect.

Most pertinent to the instant matter is an Order this Court issued on May 4, 2015 – over four months ago – wherein this Court permitted Plaintiff to issue subpoenas to Internet Service Providers ("ISP") in order to identify Doe Defendants. *See* Dkt. # 7. At the same time, this Court issued a Standing Case Management Order directing Plaintiff – in this case and in others – to file an amended complaint or to file a motion for leave to amend explaining why it wished to continue to name one or more John Doe Defendants within 120 days of service of those subpoenas. *See* Dkt. # 8 at 1; Case No. 15-579RAJ, Dkt. # 8; Case No. 15-580RAJ, Dkt. # 8; Case No. 15-581RAJ, Dkt. # 8; Case No. 15-582RAJ Dkt. # 8. It has been well over 120 days since the Court's issuance of that Order and, at least at this point, Plaintiff has yet to file either an amended complaint or a motion for leave to amend in any of these five cases.

Perhaps the instant Motion is Plaintiff's effort to clarify why it has yet to name certain Doe Defendants. As Plaintiff explains (albeit without providing this Court any evidence), [1] it has subpoenaed the ISPs (though it declines to specify *when* it did so) to identify the parties responsible for the claimed copyright infringement. *See* Dkt. # 21-1 at 1. Where possible, the ISPs have identified the subscriber assigned to each Internet Protocol ("IP") address used by the Doe Defendant. *Id.*

Plaintiff further states (again without providing this Court any evidence) that it then undertook other efforts to try to identify the infringing party. These efforts included observing the online activity of each identified IP address to see if it was associated with significant infringing activity and the exchange of titles on BitTorrent apart from *Dallas*

---

[1] These "facts" are derived solely from Plaintiff's Motion. "[F]acts not appearing of record" must be supplied by separately filing "affidavits, declarations, photographic or other evidence presented in support of the motion." *See* Local Rules W.D. Wash. LCR 7(b); *see also Reynolds Metals Co. v. Alcan Inc.*, No. C04-175L, 2005 WL 1252202, at *2 (W.D. Wash. May 23, 2005). Quite frankly, Plaintiff has left the Court to accept Plaintiff's averments on faith alone.

ORDER – 2

*Buyers Club.*[2]  *Id.* at 1-2.  They also included Google address mapping and investigating county records for ownership and rental status and associated residences.  *Id.* at 2.  Additionally, these efforts included investigating social media sites such as Facebook and LinkedIn to obtain further information.  *Id.*  And, finally, Plaintiff sent multiple letters to either the subscriber identified by the ISP or their counsel requesting their voluntary participation in identifying the actual infringer.  *Id.*

Plaintiff explains that now, despite these efforts, the subscribers or other resident associated with 16 IP addresses in this action and 45 IP addresses in the other four cases have refused to voluntarily respond or refused to voluntarily provide discovery.  *See id.* at 3.  Consequently, Plaintiff now requests leave of Court to subpoena the depositions of 16 subscribers in this case and 45 subscribers in the other cases pending before this Court.

In order to comply with this Court's prior Orders, Plaintiff proposes to: (1) limit depositions to no more than 2 hours, (2) seek only testimony of a subscriber or other resident identified by the ISP, without any document production, and (3) allow for at least 30 days between service of the subpoena and the time for complying.  *See* Dkt. # 21-1 at 5.  Moreover, Plaintiff further proposes that it will be flexible in working with the subscribers to reschedule depositions and will send a cover letter to subpoenaed nonparties informing them of the nature of the lawsuit, their obligations under the subpoena, and encouraging them to consult an attorney.  *See* Dkt. # 20 Ex. B.

Previously, this Court found that these limitations were reasonable and that these depositions were reasonably likely to lead to the discovery of relevant information.  *See* Case No. 14-1819RAJ, Dkt. # 36 at 3.  Perhaps revealing the relative failure of these efforts, Plaintiff has now filed a bevy of motions for leave for alternative service or for contempt (for failure to comply with said subpoena) in three of the cases in which this Court had authorized Plaintiff to issue subpoenas to non-parties.  *See* Case No. 14-

---

[2] The Court notes that Plaintiff's Complaint alleges that Plaintiff undertook this step prior to even filing this Action.  *See* Compl. ¶ 11.

ORDER – 3

1684RAJ, Dkt. # 25; Case No. 14-1926RAJ, Dkt. # 37 & 38; Case No. 15-133RAJ, Dkt. # 22 & 24.  No doubt Plaintiff will claim that it has had some success through its current measures, pointing to its dismissal of Doe defendants in several of these cases.  *See e.g.,* Case No. 15-134RAJ, Dkt. # 32, 33, 34, 35, 36 & 37 (notices of dismissal).  But the bottom line is that to this Court's knowledge, no amended complaint has been filed and no defendant has been named in any of these suits except for in Case No. 14-1153RAJ.

Quite tellingly, Plaintiff has yet to file any statement indicating its preparedness to name a defendant, amended complaint naming such defendant, or other statement in Case No. 14-1819RAJ as it was directed to do within 90 days of service of a deposition subpoena.  *See* Case No. 14-1819RAJ, Dkt. # 36 at 6.  This is particularly surprising given that Mr. Pleake in that matter actively opposed Plaintiff's motion.  *See* Case No. 14-1819RAJ, Dkt. # 32.  It has been well over 90 days since the Court issued its July 1, 2015 Order.  Nothing has been filed since.

All this implies that Plaintiff is not actually interested in bringing these cases to conclusion on their merits and is instead trying to use these proceedings to leverage settlements out of unidentified Doe defendants through the threat of Court order. Numerous other courts have considered the possibility of abusive litigation tactics in addressing similar motions.  *See e.g., Malibu Media, LLC v. Doe*, No. 15 CIV. 4369 AKH, 2015 WL 4092417, at *2 (S.D.N.Y. July 6, 2015) (collecting cases).  And this Court is increasingly tired of the slow progress of these cases and increasingly apprehensive of the possibility of abuse.  This Order aims to address these concerns and to steer these cases toward a more realistic possibility of a determination on the merits.

### III.  DISCUSSION

As this Court has previously noted, Federal Rule of Civil Procedure 26(d) provides that absent a court order or other authorization, "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)." This includes non-parties as well as parties.  *See Deuss v. Siso*, No. 14-CV-00710-

ORDER – 4

YGR(JSC), 2014 WL 4275715, at *4 (N.D. Cal. Aug. 29, 2014) (quoting *Villegas v. United States,* No. 12–0001, 2012 WL 1801735, at *8 (E.D. Wash. May 16, 2012)).

Courts have applied a "good cause" standard in evaluating requests for early discovery. *See Semitool, Inc. v. Tokyo Electron Am., Inc.*, 208 F.R.D. 273, 276 (N.D. Cal. 2002). In the specific context of determining whether there is good cause to permit expedited discovery to identify anonymous internet user Doe Defendants, courts have often considered four factors derived from *Columbia Ins. Co. v. seescandy.com*, 185 F.R.D. 578-80 (N.D. Cal. 1999). Those factors are whether:

> (1) the plaintiff can identify the missing party with sufficient specificity such that the Court can determine that defendant is a real person or entity who could be sued in federal court; (2) the plaintiff has identified all previous steps taken to locate the elusive defendant; (3) the plaintiff's suit against defendant could withstand a motion to dismiss; and (4) the plaintiff has demonstrated that there is a reasonable likelihood of being able to identify the defendant through discovery such that service of process would be possible.

*Braun v. Primary Distrib. Doe No. 1*, No. 12-5812 MEJ, 2012 WL 6087179, at *2 (N.D. Cal. Dec. 6, 2012) (quoting *OpenMind Sols., Inc. v. Does 1–39*, No. 11–3311, 2011 WL 4715200, at *2 (N.D. Cal. Oct. 7, 2011)).

In this particular case, the factors are not dispositive. First, Plaintiff has provided lists of Doe Defendants by the IP address assigned to them and of the date and time of the alleged infringement, suggesting they have identified them with sufficient specificity. *MCGIP, LLC v. Does 1-149*, No. C 11-02331 LB, 2011 WL 3607666, at *2 (N.D. Cal. Aug. 15, 2011). Second, Plaintiff has provided (albeit without *any* evidence) a list of the steps it has undertaken to identify the Doe Defendants. *See* Dkt. # 21-1 at 2-3. Third, although many courts have expressed doubt as to the sufficiency of similar copyright infringement claims (*see e.g., Malibu Media, LLC v. Doe*, No. 15 CIV. 4369 AKH, 2015 WL 4092417, at *4 (S.D.N.Y. July 6, 2015)) and numerous courts have dismissed doe defendants for improper joinder (*see e.g., Third Degree Films, Inc. v. Does 1-131*, 280 F.R.D. 493, 499 (D. Ariz. 2012)), this Court has not previously addressed these issues

ORDER – 5

1    and declines to do so at this point.  Suffice it to say that in similar BitTorrent suits, courts
2    appear more willing to dismiss Doe defendants for improper joinder.  *See e.g., Malibu*
3    *Media, LLC v. John Does 1-23*, 878 F. Supp. 2d 628, 630-31 (E.D. Va. 2012); *On The*
4    *Cheap, LLC v. Does 1-5011*, 280 F.R.D. 500, 502-03 (N.D. Cal. 2011); *Hard Drive*
5    *Prods., Inc. v. Does 1-188*, 809 F. Supp. 2d 1150, 1164 (N.D. Cal. 2011).

6            Finally, and most important to this Court, there are significant questions as to
7    whether a deposition would be likely, much less *reasonably likely*, to lead to the
8    discovery of the proper defendant.  If the subpoenaed subscriber denies being the primary
9    infringer or identifies other individuals who could have been the primary infringer at the
10   deposition, Plaintiff would be in no better a position to name a Doe Defendant than
11   before.  If the subscriber refuses to comply with the subpoena – and Plaintiff's motions
12   for contempt make clear this is not uncommon – Plaintiff is put in the same position as
13   before, except armed with yet another tool for seeking attorneys' fees or sanctions.

14           Furthermore, although good cause has been found in other cases, this Court is less
15   convinced, particularly given the number of deposition subpoenas Plaintiff now requests
16   and the relative lack of success this Court has seen.  In fact, numerous courts have
17   specifically denied such depositions.  *See e.g., Millenium TGA, Inc. v. Doe*, No. 2:11-cv-
18   03080 MCE KJN, 2012 WL 219329, at *1 (E.D. Cal. Jan. 23, 2012).  These courts have
19   done so on the simple basis that good cause for this discovery simply does not exist as
20   plaintiffs already have the name and contact information of the account holder of the
21   relevant IP address.  *See id.* at *3.

22           This Court agrees with these other courts.  Plaintiff has already indicated that it
23   has received information from the ISPs identifying the subscriber assigned to the relevant
24   IP addresses.  *See* Dkt. # 21-1 at 1.  So long as Plaintiff has a good faith basis for its
25   claims, it can either name the subscriber as a defendant or it can dismiss that Doe
26   Defendant and file another action naming that individual.  Procedural vehicles exist for
27   Plaintiff to add or dismiss defendants based on additional facts discovered, if necessary.
28   ORDER – 6

*See* Fed. R. Civ. P. 15.  Furthermore, the Court is concerned about the potential for abuse and prejudice to the non-parties responding to the expedited discovery.  *See e.g., Hard Drive Prods., Inc. v. Doe,* 283 F.R.D. 409, 412 (N.D. Ill. 2012) (denying request for deposition of IP address account holder in part because such discovery was unnecessary, broad, and prejudicial).  In fact, courts have noted that "[e]xpedited discovery may be inappropriate where defendants are required to unwarily incriminate themselves before they have a chance to review the facts of the case and to retain counsel." *Pod-Ners, LLC v. N. Feed & Bean of Lucerne Ltd. Liab. Co.*, 204 F.R.D. 675, 676 (N.D. Colo. 2002) (quoting *Notaro v. Koch*, 95 F.R.D. 403, 405 (S.D.N.Y. 1982)).  The fact that some subscribers have not responded to Plaintiff's previous deposition subpoenas itself indicates that these (potentially unrepresented) non-parties may not fully appreciate their weight.

This Court acknowledges that Plaintiff has provided some safeguards in its request.  Although not explicitly stated in either the proposed subpoena[3] or the Motion, the only apparent purpose and subject of the proposed depositions is to "identify[] the party that used [the subscriber's] IP address to infringe [Plaintiff's] motion picture." *See* Dkt. # 21-1 Ex. B.  Moreover, the letter accompanying the deposition subpoenas expressly encourages the subscriber to retain counsel. *Id.* While these provisions ameliorate some of the Court's concerns, they do not resolve them – particularly as Plaintiff does not include any vehicle to allow the subscribers "an opportunity to review the claims against him." *Millenium TGA*, 2012 WL 219329, at * 4 n.5.  Nor does Plaintiff offer to work with the subscribers with respect to the place or manner of deposition.

One final point merits mention.  Plaintiff argues that this Court should permit it to pursue a "post-conduct ratification" theory of copyright infringement against subscribers

---

[3] The Court notes that the proposed subpoena does not appear to limit the topics or scope of the deposition.  *See* Dkt. # 21-1 Ex. A.

ORDER – 7

who refuse to comply with the proposed depositions.  *See* Dkt. # 21-1 at 6.  Because the Court denies leave to conduct those depositions, the Court does not anticipate that Plaintiff will further raise such a theory.  To the extent that it does, however, that theory is incomprehensible and rejected.  This Court could not find *any* case supporting such a theory.  Rather, the Ninth Circuit recognizes only "three doctrines of copyright liability: direct copyright infringement, contributory copyright infringement, and vicarious copyright infringement."  *Ellison v. Robertson*, 357 F.3d 1072, 1076 (9th Cir. 2004).  All three doctrines are significantly different than mere post-infringement ratification.

Plaintiff's cited case, *Swenson v. Potter*, 271 F.3d 1184, 1192-93 (9th Cir. 2001), deals with the liability of employers for an employee's sexually harassing conduct under Title VII.  In that situation, if the employer fails to take corrective action or takes inadequate action after learning of the offending conduct, it may be deemed to have adopted the offending conduct.  *See id.*  It is not clear how that a Title VII claim is analogous to one for copyright infringement.

## IV.  ORDER

With these concerns in mind, the Court ORDERS the following:

1) The Standing Case Management Order remains in effect for all of these cases.  This Court will treat the motions disposed of in this Order as satisfying Plaintiff's obligation to file a motion for leave to amend explaining its wish to continue naming Doe defendants.

2) Plaintiff's Motions for Leave to Issue FRCP 45 Subpoenas to Nonparties located at Case No. 15-576RAJ, Dkt. # 21-1; Case No. 15-579RAJ, Dkt. # 15; Case No. 15-580RAJ, Dkt. # 11; Case No. 15-581RAJ, Dkt. # 10; Case No. 15-582RAJ, Dkt. # 18 are **DENIED.**

3) In Case Nos. 15-576RAJ, 15-579RAJ, 15-580RAJ, 15-581RAJ, and 15-582RAJ, within **60 days** of this Order, Plaintiff must file an amended complaint with only named defendants.  Plaintiff shall not name any defendant

ORDER – 8

with whom it has already reached a settlement or other permanent resolution of its claims.  Dismissed Doe defendants shall remain as currently named – i.e. as "Doe 1," and so on.

4) Any defendant so named must be served promptly in a manner fully compliant with Federal Rule of Civil Procedure 4.  As such, in accordance with the Standing Case Management Order, Plaintiff must seek entry of default against any defaulting named defendant within **30 days** after the expiration of the time for the defendant to answer or otherwise respond.  Plaintiff must also seek default judgment or otherwise resolve its claim against a defaulted defendant within **30 days** of the entry of default.

5) As before, Plaintiff must serve copies of the Standing Case Management Order and this Order to any defendant it will name.

DATED this 29th day of October, 2015.

_____
The Honorable Richard A. Jones
United States District Judge

ORDER – 9