HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

DALLAS BUYERS CLUB, LLC,

       Plaintiff,

    v.

ERIC NYDAM, et al.,

       Defendants.

CASE NO. C14-1684RAJ; C14-1926RAJ; C15-133RAJ; C15-576RAJ; C15-579RAJ; C15-581RAJ; C15-582RAJ

ORDER

## I.  INTRODUCTION

This Matter comes before the Court on Plaintiff Dallas Buyers Club, LLC's ("Plaintiff") 19 identical motions for default judgment in the above captioned cases.[1]  For the reasons set forth below, the Court **GRANTS** the Motions and will enter default judgment against the Defendants.

## II.  BACKGROUND

These cases are part of a series of 13 practically identical cases filed between July 2014 and April 2015 alleging copyright infringement by various Doe Defendants who participated in BitTorrent "swarms."

The facts are simple.  Plaintiff is a developer and producer of the movie *Dallas Buyers Club*.  *See* Case No. C14-1684RAJ, Dkt. # 34 (Second Am. Compl.) ¶¶ 5-6.

---

[1] These motions can be found at: Case No. C14-1684RAJ, Dkt. # 42; Case No. C14-1926RAJ, Dkt. # 80, 82, 84, 86; Case No. C15-133RAJ, Dkt. # 43; Case No. C15-576RAJ, Dkt. # 54, 56, 58, 60, 62; Case No. C15-579RAJ, Dkt. # 47, 49, 51; Case No. C15-581RAJ, Dkt. # 26; Case No. C15-582RAJ, Dkt. # 60, 62, 64, 66.

ORDER – 1

1  Plaintiff is the owner of a registered copyright in *Dallas Buyers Club*, Registration No.

2  PA 1-873-195.  *See id.* ¶ 6, Ex. A.  All of the Defendants – including those who Plaintiff

3  seeks default judgment against[2] – along with several other defendants, are alleged to have

4  participated in a peer-to-peer network using the BitTorrent protocol[3] to download and

5  share *Dallas Buyers Club*.  These Defendants are each alleged to have used or shared an

6  IP address which was observed sharing *Dallas Buyers Club*.[4]  Plaintiff has not authorized

7  any defendant to use an online media distribution system, including BitTorrent, to

8  misappropriate, reproduce, or distribute *Dallas Buyers Club* to the public.  *See See* Case

9  No. C14-1684RAJ, Dkt. # 34 (Second Am. Compl.) ¶ 36.

## III.  LEGAL STANDARD

11  Federal Rule of Civil Procedure 55(b) authorizes a court to grant default judgment.

12  Typically, default judgment is entered after the Clerk of Court has entered default under

13  Federal Rule of Civil Procedure 55(a), but district courts also have that authority.  *See*

14  *Dreith v. Nu Image, Inc.*, 648 F.3d 779, 788 (9th Cir. 2011).  The court's role in

[2] Plaintiff seeks default judgment against the following Defendants: Mike Curtis (Case No. C14-1684RAJ, Dkt. # 42), Sophanna Pheap, Taylor Merisko, Gerald Hefley, Peter Pham (Case No. C14-1926RAJ, Dkt. # 80, 82, 84, 86), Bethany Iocca (Case No. C15-133RAJ, Dkt. # 43), Taylor Bland, Gene Yiu, Gerry Amburgey, Teal Williams, Susan Rath (Case No. C15-576RAJ, Dkt. # 54, 56, 58, 60, 62), Ji Lee, Cory Hanger, Brian James (Case No. C15-579RAJ, Dkt. # 47, 49, 51), Vu Nguyen (Case No. C15-581RAJ, Dkt. # 26), Yuhon Wong, Mike Miles, Jacob Stickley, and Amy Rayl (Case No. C15-582RAJ, Dkt. # 62, 64, 66).

[3] Numerous courts have described how the BitTorrent protocol works in detail.  *See e.g., Purzel Video GmbH v. Biby*, 13 F. Supp. 3d 1127, 1131-33 (D. Colo. 2014); *Patrick Collins, Inc. v. John Does 1-21*, 282 F.R.D. 161, 162-64 (E.D. Mich. 2012); *Malibu Media, LLC v. John Does 1-5*, 285 F.R.D. 273, 275-76 (S.D.N.Y. 2012).

[4] Specifically, the Defendants were observed sharing *Dallas Buyers Club* while using the following IP addresses: Mike Curtis at 73.181.149.165 on June 15, 2014, Sophanna Pheap at 98.232.70.174 on September 5, 2014, Taylor Merisko at 24.18.128.62 on September 28, 2014, Gerald Hefley at 98.232.156.105 on November 23, 2014, Peter Pham at 50.135.70.193 on November 26, 2014, Bethany Iocca at 67.168.6.111 on November 6, 2014, Taylor Bland at 98.246.239.99 on March 10, 2015, Gene Yiu at 174.61.193.60 on December 23, 2014, Gerry Amburgey at 76.22.17.230 on February 15, 2015, Teal Williams at 73.42.192.71 on January 13, 2015, Susan Rath at 174.21.158.12 on January 7, 2015, Ji Lee at 73.181.209.225 on December 25, 2014, Cory Hanger at 71.231.184.62 on March 11, 2015, Brian James at 71.231.67.200 on March 2, 2015, Vu Nguyen at 50.137.0.89 on February 21, 2015, Yuhon Wong at 24.17.25.149 on February 28, 2015, Mike Miles at 71.231.231.210 on February 26, 2015, Jacob Stickley at 207.118.13.23 on February 12, 2015, and Amy Rayl at 174.21.119.12 on February 6, 2015.

ORDER – 2

considering a motion for default judgment is not ministerial.  The court must accept all well-pleaded allegations of the complaint as established fact, except facts related to the amount of damages.  *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987).  Where those facts establish a defendant's liability, the court has discretion, not an obligation, to enter a default judgment.  *Alan Neuman Prods., Inc. v. Albright*, 862 F.2d 1388, 1392 (9th Cir. 1988); *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980).  The plaintiff must provide evidence to support a claim for a particular sum of damages.  *TeleVideo Sys.*, 826 F.2d at 917-18; *see also* Fed. R. Civ. P. 55(b)(2)(B).  Where the plaintiff cannot prove that the sum he seeks is "a liquidated sum or capable of mathematical calculation," the court must conduct a hearing or otherwise ensure that the damage award is appropriate.  *Davis v. Fendler*, 650 F.2d 1154, 1161 (9th Cir. 1981).

## IV.  DISCUSSION

### a.  Whether Plaintiff Has Proven Copyright Infringement

Plaintiff must first prove the respective Defendants' liability.  To establish copyright infringement, Plaintiff must show two elements: "(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original."  *L.A. Printex Indus., Inc. v. Aeropostale, Inc.*, 676 F.3d 841, 846 (9th Cir. 2012) (quoting *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991)).

Plaintiff has alleged and shown its ownership of a valid and registered copyright in the *Dallas Buyers Club* film.  *See See* Case No. C14-1684RAJ, Dkt. # 34 (Second Am. Compl.) ¶¶ 1, 6, Ex. A.  This "is considered prima facie evidence of the validity of the copyright."  *Syntek Semiconductor Co., Ltd. v. Microchip Tech. Inc.*, 307 F.3d 775, 781 (9th Cir. 2002); 17 U.S.C. § 410(c).  As such, Plaintiff has established the first element.

The Court also finds that Plaintiff has adequately alleged that each of the Defendants copied pieces of *Dallas Buyers Club*.  Each of the relevant Amended Complaints specifically allege that the relevant Defendants' IP addresses were observed copying pieces (or the entirety) of *Dallas Buyers Club*.  The Court must deem the facts in

ORDER – 3

the Amended Complaints to be true for the purposes of establishing liability. *See Derek Andrew, Inc. v. Poof Apparel Corp.*, 528 F.3d 696, 702 (9th Cir. 2008). As such, the Court must find that the second element has been met and that Plaintiff has established the Defendants' liability for copyright infringement.

   b. <u>Whether Default Judgment Is Appropriate</u>

   Having established liability, Plaintiff must also show that default judgment is warranted. Courts often apply the factors listed in *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986) to determine if default judgment is appropriate. Those factors are: (1) the possibility of prejudice to plaintiff, (2) the merits of plaintiff's substantive claims, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning the material facts; (6) whether defendant's default was the product of excusable neglect, and (7) the strong public policy favoring decisions on the merits. *Id.*

   The factors generally weigh in favor of granting default judgment. Without entry of default judgment, Plaintiff will be prejudiced because it will be left without a legal remedy. *See Landstar Ranger, Inc. v. Parth Enters., Inc.*, 725 F. Supp. 2d 916, 920 (C.D. Cal. 2010). As discussed above, Plaintiff has adequately alleged and shown the Defendants' liability. The amount at stake is also relatively modest – Plaintiff seeks unspecified statutory damages and costs and attorneys' fees ranging from $2,596.50 to $4,320.00. It is also unlikely that the Defendants' failure to respond is the product of excusable neglect. Plaintiff properly served each of the Defendants, meaning that they likely had ample notice of the action.

   The Court acknowledges that a dispute may arise concerning material facts, including whether the Defendants are the actual infringers. *See In re BitTorrent Adult Film Copyright Infringement Cases*, 296 F.R.D. 80, 84 (E.D.N.Y. 2012) (finding that "it is no more likely that the subscriber to an IP address carried out a particular computer function . . . than to say an individual who pays the telephone bill made a specific

ORDER – 4

1   telephone call."). This concern is particularly problematic where the subscriber identifies

2   another individual – as many of these Defendants were. However, the Court finds that

3   such a possibility is insufficient to outweigh the other factors weighing in favor of

4   granting default judgment, especially as each of the Defendants was personally served,

5   giving them ample opportunity to contest the allegations. Finally, although there is a

6   strong policy for deciding cases on their merits (*see Eitel*, 782 F.2d at 1472), Defendants'

7   failure to respond to Plaintiff's claims means that this factor does not preclude entry of

8   default judgment (*see Vogel v. Rite Aid Corp.*, 992 F. Supp. 2d 998, 1013 (C.D. Cal.

9   2014)).

10      As the *Eitel* factors generally weigh in favor of granting default judgment, the

11   Court will **GRANT** Plaintiff's Motion. What remains is determining what relief Plaintiff

12   should be awarded.

13      c.  Appropriate Relief

14      As with its prior requests with the Court, Plaintiff requests three categories of

15   relief: (1) permanent injunctive relief, (2) statutory damages not less than $2,500, and (3)

16   attorneys' fees and costs.

17      i.  *Injunctive Relief*

18      Plaintiff first requests an injunction enjoining Defendants from infringing on

19   Plaintiff's rights in *Dallas Buyers Club*, including through using the Internet. 17 U.S.C.

20   § 502(a) permits a court to grant final injunctions to "prevent or restrain infringement of a

21   copyright." Under 17 U.S.C. § 503(b), a court may order the destruction of copies found

22   to have been made or used in violation of a copyright owner's rights. Parties obtaining a

23   permanent injunction ordinarily must satisfy a four part test: (1) irreparable harm; (2)

24   lack of adequate remedies at law; (3) the balance of hardships weighs in its favor; and (4)

25   the injunction is in the public's interest. *See eBay, Inc. v. MercExchange, LLC*, 547 U.S.

26   388, 393-94 (2006).

27

28   ORDER – 5

1    The Court agrees that injunctive relief is appropriate here.  As in numerous other

2 BitTorrent cases (*see e.g., Malibu Media, LLC v. Flanagan,* No. 2:13-CV-5890, 2014

3 WL 2957701, at *5 (E.D. Pa. July 1, 2014)), the four elements are established here.

4 Furthermore, "[a]s a general rule, a permanent injunction will be granted when liability

5 has been established and there is a threat of continuing violations."  *MAI Sys. Corp. v.*

6 *Peak Comput., Inc.*, 991 F.2d 511, 520 (9th Cir. 1993) (citing *Nat'l Football League v.*

7 *McBee & Bruno's, Inc.*, 792 F.2d 726, 732 (8th Cir. 1986)).  Consequently, the Court will

8 issue a permanent injunction enjoining each of the relevant Defendants from infringing

9 Plaintiff's rights in *Dallas Buyers Club* and ordering them to destroy all unauthorized

10 copies of *Dallas Buyers Club*.

11                       ii.    *Statutory Damages*

12    Next, Plaintiff requests an unspecified award of statutory damages (likely because

13 the Court has awarded the minimum statutory damages amount in each of the other

14 default judgment motions presented before it).  Plaintiff urges the Court to award a

15 greater sum.

16    Under 17 U.S.C. § 504(c)(1), the Court may award statutory damages "in a sum of

17 not less than $750 or more than $30,000 as the court considers just" for each infringed

18 work.  Statutory damages "serve both compensatory and punitive purposes" so as "to

19 sanction and vindicate the statutory policy of discouraging infringement."  *Los Angeles*

20 *News Serv. v. Reuters Int'l, Ltd.*, 149 F.3d 987, 996 (9th Cir. 1998) (quoting *Peer Int'l*

21 *Corp. v. Pausa Records, Inc.*, 909 F.2d 1332, 1336 (9th Cir. 1990)).  When considering

22 the proper amount of damages, the Court takes into account the amount of money

23 requested in relation to the seriousness of the defendant's conduct, whether large sums of

24 money are involved, and whether "the recovery sought is proportional to the harm caused

25 by defendant's conduct."  *Curtis v. Illumination Arts, Inc.*, 33 F. Supp. 3d 1200, 1212

26 (W.D. Wash. 2014) (citing *Landstar*, 725 F. Supp. 2d at 921).  District courts have "wide

27 discretion in determining the amount of statutory damages to be awarded, constrained

28 ORDER – 6

only by the specified maxima and minima." *Harris v. Emus Records Corp.*, 734 F.2d 1329, 1355 (9th Cir. 1984).

Courts have found that in nearly identical cases, "damages of no more than $6,500 per infringement to be sufficient compensation for the injured copyright holder." *AF Holdings LLC v. Bossard*, 976 F. Supp. 2d 927, 930 (W.D. Mich. 2013) (collecting cases); *TCYK, LLC v. John Does 48-98*, No. 2:13-CV-540, 2015 WL 127922, at *2 (S.D. Ohio Jan. 8, 2015) (collecting cases and awarding $6,000). And at least one court has addressed the appropriate sanction involving the same film, ultimately awarding $2,250. *See Dallas Buyers Club, LLC v. Cordova*, 81 F. Supp. 3d 1025, 1035 (D. Colo. 2015).

Plaintiff has also presented some evidence and allegations that the Defendants' infringement was willful, even though Plaintiff has not seriously requested statutory damages in the willfulness range.[5] *See* 17 U.S.C. § 504(c)(1) (authorizing courts to award statutory damages between $750 and $30,000 for non-willful infringement). Specifically, Plaintiff has alleged that *Dallas Buyers Club* bears a copyright notice.[6] A copyright notice may create an evidentiary presumption against an innocent infringer defense. *See* 17 U.S.C. § 401(d); *Idearc Media Corp. v. Nw. Directories, Inc.*, 623 F. Supp. 2d 1223, 1230 (D. Or. 2008).

In spite of the above, the Court remains convinced that the statutory minimum of $750 is the appropriate award in this case. For one, this is the same award the Court has found appropriate in identical cases and it makes little sense to differentiate between the defendants. *See e.g., Dallas Buyers Club, LLC v. Bui*, No. C14-1926RAJ, 2016 WL

---

[5] "To prove 'willfulness' under the Copyright Act, the plaintiff must show (1) that the defendant was actually aware of the infringing activity, or (2) that the defendant's actions were the result of 'reckless disregard' for, or 'willful blindness' to, the copyright holder's rights." *Louis Vuitton Malletier, S.A. v. Akanoc Sols., Inc.*, 658 F.3d 936, 944 (9th Cir. 2011) (quoting *Island Software & Comput. Serv., Inc. v. Microsoft Corp.*, 413 F.3d 257, 263 (2d Cir. 2005)).

[6] Evidence of other infringement may also be relevant to willfulness. *Cf. Amini Innovation Corp. v. McFerran Home Furnishings, Inc.*, 301 F.R.D. 487, 491 (C.D. Cal. 2014). Plaintiff has presented evidence that some (but not all) of the Defendants have infringed upon other works using BitTorrent.

ORDER – 7

1242089, at *4 (W.D. Wash. Mar. 30, 2016); *Dallas Buyers Club, LLC v. Madsen*, No. C14-1153RAJ, 2015 WL 6680260, at *6 (W.D. Wash. Nov. 2, 2015). Other reasons also justify a lower award. For one, there is simply no evidence that any of the Defendants profited from the infringement, justifying a lower statutory damages award. *See Bossard*, 976 F. Supp. 2d at 931 (finding that "The nature of BitTorrent is such that [defendant] would not likely have reaped any profit from his infringement of [plaintiff's] copyright, except for the comparatively small sum he saved by illegally downloading, rather than buying, his own copy of [the infringed work]"). Additionally, there is no evidence that any of the Defendants was the original "seed" or user who made Plaintiff's work available. *See Flanagan*, 2014 WL 2957701 at *4. Finally, this award is in line with the awards given by other courts in the Ninth Circuit – especially in this and nearby jurisdictions – and appears adequate to deter Defendants and others from infringing on Plaintiff's copyright in the future. *See e.g., Voltage Pictures, LLC v. Martinez,* No. 3:15-CV-00002-AC, 2015 WL 4772856, at *4 (D. Or. Aug. 11, 2015); *Elf-Man, LLC v. C.G. Chinque Albright*, No. 13-CV-0115-TOR, 2014 WL 5543845, at *7 (E.D. Wash. Oct. 31, 2014); *Thompsons Film, LLC v. Athias*, No. 13-CV-0126-TOR, 2014 WL 5543900, at *9 (E.D. Wash. Oct. 31, 2014).[7]

### iii. Attorneys' Fees and Costs

Finally, Plaintiff seeks attorneys' fees and costs against the Defendants. Pursuant to 17 U.S.C. § 505, the Court may "in its discretion may allow the recovery of full costs

---

[7] Plaintiff produces one more case in support of its request for an increased amount of statutory damages: *Salyer v. Hotels.Com GP, LLC*, No. C13-1966RSL, 2015 WL 3893079 (W.D. Wash. June 23, 2015). The court awarded $3,000 in statutory damages in that case where the defendant willfully copied and displayed a copyrighted photograph on its website without license or permission. *Id.* at *1-2. The Court believes that *Salyer* is distinguishable – the defendant in that case was more likely to profit from the infringement given the nature of the use. In contrast, the nature of BitTorrent does not contemplate any profit except where infringers are original "seeds" or otherwise promote infringement. *See e.g., Columbia Pictures Indus., Inc. v. Fung*, 710 F.3d 1020, 1049 (9th Cir. 2013) (affirming summary judgment on liability against defendant who ran BitTorrent aggregating and tracking websites).

ORDER – 8

by or against any party" and "may also award a reasonable attorney's fee to the prevailing party."

Courts may consider several factors in making an attorneys' fee determination under the Copyright Act, including "(1) the degree of success obtained, (2) frivolousness, (3) motivation, (4) objective unreasonableness (legal and factual), and (5) the need to advance considerations of compensation and deterrence." *Smith v. Jackson*, 84 F.3d 1213, 1221 (9th Cir. 1996) (citing *Jackson v. Axton*, 25 F.3d 884, 890 (9th Cir. 1994)). These factors all weigh in favor of awarding attorneys' fees. Plaintiff has obtained success on its non-frivolous claims. Moreover, awarding fees would advance considerations of compensation and deterrence.

Courts begin with a "lodestar" method in calculating reasonable attorneys' fees, which is obtained by multiplying the number of hours reasonably expended on the litigation by an hourly rate. *See Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 978 (9th Cir. 2008). Plaintiff has requested attorneys' fees as follows:

| Case | Defendant | Attorney Hours | Total Attorneys' Fees | Legal Assistant Hours | Legal Assistant Fees |
|---|---|---|---|---|---|
| 14-1684, Dkt. # 43 | Mike Curtis | 9.6 | $4,320 | .2 | $29 |
| 14-1926, Dkt. # 81 | Sophanna Pheap | 7.62 | $3,429 | .6 | $87 |
| 14-1926, Dkt. # 83 | Taylor Merisko | 7.62 | $3,429 | .6 | $87 |
| 14-1926, Dkt. # 85 | Gerald Hefley | 10.32 | $4,644 | .6 | $87 |
| 14-1926, Dkt. # 87 | Peter Pham | 7.22 | $3,249 | .6 | $87 |
| 15-133, Dkt. # 44 | Bethany Iocca | 8.07 | $3,631.50 | .5 | $72.50 |
| 15-576, Dkt. # 55 | Taylor Bland | 5.87 | $2,641.50 | .2 | $29 |
| 15-576, Dkt. # 57 | Gene Yiu | 5.87 | $2,641.50 | .2 | $29 |
| 15-576, Dkt. # 59 | Gerry Amburgey | 5.87 | $2,641.50 | .2 | $29 |
| 15-576, Dkt. # 61 | Teal Williams | 5.87 | $2,641.50 | .2 | $29 |
| 15-576, Dkt. # 63 | Susan Rath | 5.87 | $2,641.50 | .2 | $29 |
| 15-579, Dkt. # 48 | Ji Lee | 5.77 | $2,596.50 | .2 | $29 |
| 15-579, Dkt. # 50 | Cory Hanger | 5.77 | $2,596.50 | .2 | $29 |
| 15-579, Dkt. # 52 | Brian James | 5.97 | $2,686.50 | .2 | $29 |
| 15-581, Dkt. # 27 | Vu Nguyen | 6.7 | $3,015.00 | .3 | $43.50 |
| 15-582, Dkt. # 61 | Yuhon Wong | 5.7 | $2,565 | .3 | $43.50 |
| 15-582, Dkt. # 63 | Mike Miles | 5.7 | $2,565 | .3 | $43.50 |
| 15-582, Dkt. # 65 | Jacob Stickley | 7 | $3,150 | .3 | $43.50 |
| 15-582, Dkt. # 67 | Amy Rayl | 5.7 | $2,565 | .3 | $43.50 |

Plaintiff requests attorneys' fees at the hourly rate of $450, along with an hourly rate of $145 per hour for his legal assistant. *See* Case No. 14-1684RAJ, Dkt. # 42 at 7. In the Court's previous Order in *Madsen*, the Court concluded that the lodestar amount using the requested hourly rates of $495 or $510 should be reduced to $300 after considering "the (1) time and labor required and (2) skill requisite to perform the legal services properly." 2015 WL 6680260 at *5-6 (citing *Kerr v. Screen Extras Guild*, 526 F.2d 67, 67 (9th Cir. 1975)). The Court noted that numerous other courts have found higher attorneys' fees to be inappropriate in similar BitTorrent cases because these cases amount to little more than "form-pleading" requiring little legal skill or attention. *Id.* (citing cases). Other cases have made this even more explicit, noting that BitTorrent cases being handled by the same firm using practically identical pleadings do not require any unique skill. *See Cobbler Nevada, LLC v. Reardon,* No. 3:15-CV-01077-ST, 2015 WL 9239773, at *4 (D. Or. Dec. 16, 2015).

In support of its renewed request for an hourly rate of $450, Plaintiff now cites an excerpt from an Enterprise Legal Management Trends Report, which suggests that the median hourly rate for partners practicing trademark work is near $450. *See* Case No. C14-1684RAJ, Dkt. # 43 (Lowe Decl.) Ex. A. The Court is not convinced that this publication provides a basis for deviating from the Court's $300 hourly rate. For one, it does not provide what geographic area from which these rates are derived. District courts are, of course, required to determine the reasonable hourly rate from the forum in which it sits. *See Camacho*, 523 F.3d at 979.

Furthermore, the cases Plaintiff cites in support do not support its position. In *BWP Media USA Inc. v. Rich Kids Clothing Co., LLC*, 103 F. Supp. 3d 1242, 1249-50 (W.D. Wash. 2015), the court approved a reduced rate of $350 an hour, not the attorney's typical rate of $450 per hour. Moreover, the issues in that case were much more complicated, involving summary judgment motions, discovery conferences, and motions for sanctions. *See id.*

ORDER – 10

The court in *Getty Images (U.S.), Inc. v. Virtual Clinics*, No. C13-0626JLR, 2014 WL 1744522, at *3 (W.D. Wash. Apr. 29, 2014) awarded attorneys' fees at rates ranging between $275 and $465 per hour.  But, as the case in *BWP Media USA*, the issues in that case were complicated.  That case involved "substantial motions practice," problems in discovery (including "deception and stonewalling employed by the [defendants]"), and even an evidentiary hearing ordered by the court.  *Id.*

Finally, the court in *Little Genie Prods. LLC v. PHSI Inc.*, No. 2:12-CV-00357-RSM, 2014 WL 3050326, at *10 (W.D. Wash. July 2, 2014) awarded attorneys' fees at rates ranging between $400 and $420 per hour.  As with the other two cases, however, that case involved significantly more complicated issues, including an evidentiary hearing, which needed to be continued multiple times.  *See id.* at *2, 10.  Moreover, rather than rely on statutory damages, the plaintiff in that case was forced to rely on actual damages, necessitating further discovery and preparation.  *See id.* at *6.

There is little reason why this particular case required extensive skill or experience – this matter used practically identical pleadings[8] from several other cases and encountered little to no opposition – suggesting that the $300 per hour rate is far more appropriate.  The Court continues to believe that a reduction in the hourly rate is necessary and will adopt the $300 hourly rate it used in *Madsen* as it better reflects the prevailing market rate for similar work.  Plaintiff appears to agree (at least in part) as it does not seek any deviation from this rate.  *See* Case No. C14-1684RAJ, Dkt. # 42 at 7.

Finally, Plaintiff requests prorated costs for each Defendant and presents receipts documenting the costs of serving these Defendants.  The Court finds that these costs are appropriate.

---

[8] Indeed, the Court could distinguish few, if any, differences in any of the motions for default judgment or supporting declarations at issue here.  The sole exception is that Plaintiff has changed the relevant billing entries depending on the defendant.

ORDER – 11

1
2        Based on this, the Court will award attorneys' fees and costs against each of the

Defendants individually and in favor of Plaintiff as follows:

3
4

| Case | Defendant | Attorney Hours | Attorneys' Fees | Legal Assistant Hours | Legal Assistant Fees | Prorated Costs | Total |
|------|-----------|----------------|-----------------|-----------------------|----------------------|----------------|-------|
| 14-1684 | Mike Curtis | 9.6 | $2,880 | .2 | $29 | $231.25 | $3,140.25 |
| 14-1926 | Sophanna Pheap | 7.62 | $2,286 | .6 | $87 | $192.68 | $2,565.68 |
| 14-1926 | Taylor Merisko | 7.62 | $2,286 | .6 | $87 | $192.68 | $2,565.68 |
| 14-1926 | Gerald Hefley | 10.32 | $3,096 | .6 | $87 | $307.43 | $3,490.43 |
| 14-1926 | Peter Pham | 7.22 | $2,166 | .6 | $87 | $192.68 | $2,445.68 |
| 15-133 | Bethany Iocca | 8.07 | $2,421 | .5 | $72.50 | $201.36 | $2,694.86 |
| 15-576 | Taylor Bland | 5.87 | $1,761 | .2 | $29 | $129.29 | $1,919.29 |
| 15-576 | Gene Yiu | 5.87 | $1,761 | .2 | $29 | $129.29 | $1,919.29 |
| 15-576 | Gerry Amburgey | 5.87 | $1,761 | .2 | $29 | $129.29 | $1,919.29 |
| 15-576 | Teal Williams | 5.87 | $1,761 | .2 | $29 | $129.29 | $1,919.29 |
| 15-576 | Susan Rath | 5.87 | $1,761 | .2 | $29 | $129.29 | $1,919.29 |
| 15-579 | Ji Lee | 5.77 | $1,731 | .2 | $29 | $134.05 | $1,894.05 |
| 15-579 | Cory Hanger | 5.77 | $1,731 | .2 | $29 | $134.05 | $1,894.05 |
| 15-579 | Brian James | 5.97 | $1,791 | .2 | $29 | $134.05 | $1,954.05 |
| 15-581 | Vu Nguyen | 6.7 | $2,010 | .3 | $43.50 | $181.67 | $2,235.17 |
| 15-582 | Yuhon Wong | 5.7 | $1,710 | .3 | $43.50 | $127.50 | $1,881.00 |
| 15-582 | Mike Miles | 5.7 | $1,710 | .3 | $43.50 | $127.50 | $1,881.00 |
| 15-582 | Jacob Stickley | 7 | $2,100 | .3 | $43.50 | $127.50 | $2,271.00 |
| 15-582 | Amy Rayl | 5.7 | $1,710 | .3 | $43.50 | $127.50 | $1,881.00 |

ORDER – 12

## V.  CONCLUSION

For the foregoing reasons, the Court **GRANTS** Plaintiff's motions.  The Court thus enters default judgment against each of the Defendants.  The Clerk will enter judgment for Plaintiff following this Order.

Specifically, this Court enters judgment against Defendants as follows:

1. Defendants Mike Curtis, Sophanna Pheap, Taylor Merisko, Gerald Hefley, Peter Pham, Bethany Iocca, Taylor Bland, Gene Yiu, Gerry Amburgey, Teal Williams, Susan Rath, Ji Lee, Cory Hanger, Brian James, Vu Nguyen, Yuhon Wong, Mike Miles, Jacob Stickley, and Amy Rayl are hereby permanently enjoined from directly, indirectly, or contributorily infringing Plaintiff Dallas Buyers Club, LLC's rights in the work *Dallas Buyers Club*, including without limitation by using the Internet to reproduce or copy *Dallas Buyers Club*, to distribute *Dallas Buyers Club*, or to make *Dallas Buyers Club* available for distribution to the public, except pursuant to lawful written license or with the express authority of Plaintiff;

2. To the extent any such material exists, Defendants Mike Curtis, Sophanna Pheap, Taylor Merisko, Gerald Hefley, Peter Pham, Bethany Iocca, Taylor Bland, Gene Yiu, Gerry Amburgey, Teal Williams, Susan Rath, Ji Lee, Cory Hanger, Brian James, Vu Nguyen, Yuhon Wong, Mike Miles, Jacob Stickley, and Amy Rayl are directed to destroy all unauthorized copies of *Dallas Buyers Club* in his or her possession or subject to his or her control;

Statutory damages, attorneys' fees, and costs are awarded as follows:

| Defendant | Statutory Damages | Attorneys' Fees and Legal Assistant Fees | Prorated Costs | Total |
|-----------|-------------------|------------------------------------------|----------------|-------|
| Mike Curtis | $750.00 | $2,909.00 | $231.25 | $3,890.25 |
| Sophanna Pheap | $750.00 | $2,373.00 | $192.68 | $3,315.68 |
| Taylor Merisko | $750.00 | $2,373.00 | $192.68 | $3,315.68 |
| Gerald Hefley | $750.00 | $3,183.00 | $307.43 | $4,240.43 |
| Peter Pham | $750.00 | $2,253.00 | $192.68 | $3,195.68 |
| Bethany Iocca | $750.00 | $2,493.50 | $201.36 | $3,444.86 |

ORDER – 13

| Taylor Bland | $750.00 | $1,790.00 | $129.29 | $2,669.29 |
| Gene Yiu | $750.00 | $1,790.00 | $129.29 | $2,669.29 |
| Gerry Amburgey | $750.00 | $1,790.00 | $129.29 | $2,669.29 |
| Teal Williams | $750.00 | $1,790.00 | $129.29 | $2,669.29 |
| Susan Rath | $750.00 | $1,790.00 | $129.29 | $2,669.29 |
| Ji Lee | $750.00 | $1,760.00 | $134.05 | $2,644.05 |
| Cory Hanger | $750.00 | $1,760.00 | $134.05 | $2,644.05 |
| Brian James | $750.00 | $1,820.00 | $134.05 | $2,704.05 |
| Vu Nguyen | $750.00 | $2,053.50 | $181.67 | $2,985.17 |
| Yuhon Wong | $750.00 | $1,753.50 | $127.50 | $2,631.00 |
| Mike Miles | $750.00 | $1,753.50 | $127.50 | $2,631.00 |
| Jacob Stickley | $750.00 | $2,143.50 | $127.50 | $3,021.00 |
| Amy Rayl | $750.00 | $1,753.50 | $127.50 | $2,631.00 |

DATED this 8th day of August, 2016.


The Honorable Richard A. Jones
United States District Judge

ORDER – 14